# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| LEVI GOODELL,<br><br>  Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>  Respondent. | No. C22-3004-LTS<br>(Crim. No. CR20-3011-LTS)<br><br>**MEMORANDUM<br>OPINION AND ORDER** |

## I. INTRODUCTION

This matter is before me on Levi Goodell's pro se motion (Doc. 1) to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.

## II. BACKGROUND

On May 28, 2020, Goodell was charged with one count of receipt and possession of an unregistered firearm in violation of 26 U.S.C. §§ 5841, 5845(a)(1), 5845(a)(2), 5861(d) and 5871 (Count 1) and possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1) (Count 2). Crim. Doc. 2. Pursuant to a Rule 11(c)(1)(C) plea agreement, Goodell pleaded guilty to Count 2 on July 28, 2021, and I accepted that plea on August 13, 2021. Crim. Docs. 27, 28, 31.

The presentence investigation report (PSR) assigned Goodell a total offense level of 23 and a criminal history category of IV, resulting in a guideline range of 70 to 87 months. Crim. Doc. 35 at 24. The PSR also noted that a conviction in the Iowa District Court for harassment and assault causing bodily injury was relevant conduct to the federal offense and, as a result, that "USSG §5K2.23 (Policy Statement) states that a downward departure may be appropriate . . . Staff at the Humboldt County Jail in Dakota City,

Iowa, advised that the defendant served a total of 221 days (from September 4, 2020, through April 13, 2021) in custody on this conviction and sentence." *Id.* at 16, ¶ 36.

Consistent with the stipulation in the Rule 11(c)(1)(C) agreement, on December 15, 2021, I sentenced Goodell to 96 months' imprisonment and three years of supervised release on Count 2 and dismissed Count 1.[1] Crim. Docs. 37, 38. I noted that his "sentence has not been adjusted and reduced by 221 days to account for time the defendant served for the case set forth in paragraph 36 of the presentence report (Humboldt County, Iowa, Docket No. FECR010906), pursuant to USSG § 5K2.23." Crim. Doc. 38 at 2. I stated as follows at sentencing:

> I do agree that a sentence above the guideline range is appropriate here. Again largely due to the nature and circumstances of the offense and the aggravating criminal history. And I do find 96 months to be an appropriate sentence . . . . As far as any credit for time served, I do find that is a Bureau of Prisons issue. I don't believe once I accept this stipulated sentence that I have the power to grant a downward departure or variance from that sentence. It's either take it or leave it. And I have accepted the plea agreement so I think from a legal standpoint I would not have the ability to reduce that 96 months sentence for any reason, including 5K2.23. I also find that under the terms of that guideline and policy statement the court ultimately has substantial discretion to decide whether to adjust for any time served in a related case with the ultimate goal being fashioning a reasonable punishment for the instant offense. And so even if I did have discretion, given the aggravating factors I have talked about, I would not be adjusting that sentence in any event. So also from a legal standpoint I don't believe I have the power to make that adjustment and even if I did I would not do so. That does not preclude the Bureau of Prisons of course from deciding to count some or all of that time when it determines credit for Mr. Goodell's time that he serves in this case.

---

[1] The plea agreement provides that "the parties agree, and ask this court to impose, a sentence of 96 months' imprisonment, three years of supervised release following the term of imprisonment, a special assessment of $100 dollars, and whatever fine, if any, this court finds appropriate (or, in the unlikely event defendant is an armed career criminal, then the parties agree a sentence of 180 months' imprisonment, three years of supervised release following the term of imprisonment, a special assessment of $100 dollars, and whatever fine, if any, this court finds appropriate)." Crim. Doc. 29 at 5, ¶ 11.

2

12/15/2021 Sentencing Hearing.[2]

Goodell did not appeal. He mailed the § 2255 motion on December 30, 2021, and the court received it on January 31, 2022. Doc. 1. On August 29, 2024, I conducted a Rule 4 review of his motion and denied most of his claims, but directed the Government to respond to one claim of ineffective assistance of counsel. Doc. 5. On September 27, 2024, former counsel filed an affidavit (Doc. 7) as to that claim. On December 18, 2024, the Government filed a resistance (Doc. 12) to the § 2255 motion. Goodell did not reply and his time to do so has passed.

### III. LEGAL STANDARDS

*A. Section 2255 Standards*

A prisoner in custody under sentence of a federal court may move the sentencing court to vacate, set aside or correct a sentence. *See* 28 U.S.C. § 2255(a). To obtain relief, a federal prisoner must establish:

> [T]hat the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or [that the judgment or sentence] is otherwise subject to collateral attack.

*Id.*; *see also* Rule 1 of the Rules Governing § 2255 Proceedings (specifying scope of § 2255). If any of the four grounds are established, the court is required to "vacate and set the judgment aside and [to] discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

When enacting § 2255, Congress "intended to afford federal prisoners a remedy identical in scope to federal habeas corpus." *Sun Bear v. United States*, 644 F.3d 700,

---

[2] Because an official transcript of the sentencing hearing was not prepared, I reviewed the Court's unofficial and unedited transcript of that hearing.

704 (8th Cir. 2011) (en banc) (citation omitted). Section 2255 does not provide a remedy for "all claimed errors in conviction and sentencing." *Id.* (citation omitted). Rather:

> Relief under [§ 2255] is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice.

*United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) (citation omitted); *see also Sun Bear*, 644 F.3d at 704 ("[T]he permissible scope of a § 2255 collateral attack . . . is severely limited[.]"). A collateral challenge under § 2255 is not interchangeable or substitutable for a direct appeal. *See United States v. Frady*, 456 U.S. 152, 165 (1982) ("[W]e have long and consistently affirmed that a collateral challenge may not do service for an appeal."). Consequently, "an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." *Id.* (citation omitted).

"Evidentiary hearings on [§ 2255] motions are preferred, and the general rule is that a hearing is necessary prior to the motion's disposition if a factual dispute exists." *Thomas v. United States*, 737 F.3d 1202, 1206 (8th Cir. 2013). "The district court is not permitted to make a credibility determination on the affidavits alone." *Id.* at 1206; *see also United States v. Sellner*, 773 F.3d 927, 930 (8th Cir. 2014) ("[The] district court abused its discretion when it credited the attorney's affidavit over the petitioners without first holding an evidentiary hearing."). However, no hearing is required "where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *See New v. United States*, 652 F.3d 949, 954 (8th Cir. 2011) (citation omitted).

### B. Ineffective Assistance of Counsel Standards

To establish a claim for ineffective assistance of counsel, a movant must prove that his attorney's representation "was 'deficient' and that the 'deficient performance prejudiced the defense.'" *Walking Eagle v. United States*, 742 F.3d 1079, 1082 (8th Cir.

4

2014) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "Deficient" performance is performance that falls "below an objective standard of reasonableness," *Lafler v. Cooper*, 566 U.S. 158, 163 (2012) (citation omitted), that is, conduct that fails to conform to the degree of skill, care and diligence of a reasonably competent attorney. *Strickland*, 466 U.S. at 687. When evaluating ineffective assistance claims, a court "must indulge a strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance" to which a criminal defendant is entitled. *Johnson v. United States*, 278 F.3d 839, 842 (8th Cir. 2002) (citation omitted). Matters of trial strategy are generally entrusted to the professional discretion of counsel and they are "virtually unchallengeable" in § 2255 proceedings. *Loefer v. United States*, 604 F.3d 1028, 1030 (8th Cir. 2010). Counsel is not constitutionally ineffective because of the failure to raise a "relatively sophisticated" and "counter-intuitive argument." *Donnell v. United States*, 765 F.3d 817, 821 (8th Cir. 2014). However, "[s]trategy resulting from lack of diligence in preparation and investigation is not protected by the presumption in favor of counsel." *Holder v. United States*, 721 F.3d 979, 994 (8th Cir. 2013) (citation omitted).

To establish "prejudice," a movant must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Lafler*, 566 U.S. at 163 (citation omitted). "Reasonable probability" means "a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. That requires a "substantial," not just "conceivable," likelihood of a different result. *Harrington v. Richter*, 562 U.S. 86, 112 (2011). Ultimately, a showing of "prejudice" requires counsel's errors to be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 104 (citation omitted).

Because a movant must show both deficient performance and prejudicial effect, a court reviewing ineffective assistance claims need only address one prong if either fails.

5

Case 3:22-cv-03004-LTS-KEM    Document 13    Filed 03/31/25    Page 5 of 10

*See Williams v. United States*, 452 F.3d 1009, 1014 (8th Cir. 2006). Additionally, each individual claim of ineffective assistance "must rise or fall on its own merits," meaning that courts should not take into account the "cumulative effect of trial counsel's errors in determining Strickland prejudice." *Middleton v. Roper*, 455 F.3d 838, 851 (8th Cir. 2006); *United States v. Brown*, 528 F.3d 1030, 1034 (8th Cir. 2008) ("[W]e have repeatedly rejected the cumulative error theory of post-conviction relief.").

### IV. DISCUSSION

As noted above, I allowed one claim to proceed past the Rule 4 preliminary review. Specifically, I directed former counsel and the Government to respond to Goodell's claim that prior counsel was ineffective for failing to negotiate credit for the 221 days of time served in the state court case and for failing to explain to him that the plea agreement would prevent him from receiving that credit. I noted that even though the stipulated sentence from the Rule 11(c)(1)(C) agreement (96 months) was discussed at the change of plea hearing, the issue of whether Goodell could receive credit for his time served in the relevant conduct case was not addressed.

In his affidavit, former counsel admits that he did not discuss the issue of potential credits for time served with Goodell when they discussed Rule 11(c)(1)(C) plea agreement. Counsel states that his primary concern was the high likelihood that Goodell would receive an upward variance above the top of the guideline range (87 months) and the possibility of statutory maximum sentence of 120 months. Doc. 7 at 2. Regarding the plea agreement, counsel stated:

> While negotiating, I did know that Mr. Goodell had been convicted of Harassment in the First Degree out of Humboldt County and that the offense conduct was as described in paragraph 7 of the Presentence Report. Crim. Doc. No. 35. I also knew that his plea agreement in Humbolt County was based on Iowa Code §§ 708.1(b) and 708(2)(a)(1) for threatening to commit an act intended to place another in fear of immediate physical contact which would be painful, injurious, insulting, or offensive. Ex. A. I do not recall

6

> if I considered the potential for a downward departure pursuant to USSG § 5K2.23 at this time as the numerous challenges presented in an open sentencing and the firearms connection to numerous other felony offenses were at the forefront of my mind while representing Mr. Goodell.

Doc. 7 at 3.

The Government argues that "defendant cannot overcome the presumption that counsel's conduct was not reasonable [sic] professional." Doc. 12 at 9. The Government states:

> defense counsel correctly predicted the guideline range, – importantly -- that this was not a mine-run guideline case because of the aggravating nature of the offense conduct and criminal history, and negotiated a deal with the United States that prevented a higher sentence. The movant simply cannot prove a reasonable probability exists that, but for counsel's supposed error, he would have obtained a better deal from the United States or, alternatively, forgone a plea agreement, and either succeeded at trial or an open sentencing. To the contrary, the record reveals the government rejected a guideline offer and the district court – after considering the guidelines – concluded the facts were sufficiently aggravating to warrant an upward variance. Moreover, defendant was properly advised of his possible sentencing exposure by the magistrate judge, and when the USSG 5K2.23 issue arose, he did not seek to withdraw his plea. Thus, he cannot show prejudice now.

*Id.*, at 7. The Government also argues (correctly) that USSG § 5K2.23 is discretionary and that defense counsel would have to predict both whether I would consider a § 5K2.23 departure and to what extent the Government would object.

Given the legitimate issues counsel considered in negotiating the plea agreement, specifically the likelihood of potential statutory maximum sentence, Goodell's counsel did not act deficiently by failing to consider the § 5K2.23 issue, discuss it with Goodell or try to provide for the 221-day credit in the plea agreement. Alternatively, although counsel did not explicitly try to provide for a § 5K2.23 departure, counsel initially sought a plea agreement for 87 months – which would have encapsulated the 221 days at issue now – and the Government rejected it. Doc. 7 at 2-3. There is no reason to believe that

7

the Government would have accepted that lower sentence merely because it was packaged in a slightly different framework.

Even if counsel was deficient, Goodell has failed to show prejudice. To satisfy the prejudice prong, "the convicted defendant must demonstrate that 'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.' " *Matthews v. United States*, 114 F.3d 112, 114 (8th Cir. 1997) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *United States v. Prior*, 107 F.3d 654, 661 (8th Cir. 1997)); *see also Tran v. Lockhart*, 849 F.2d 1064, 1067 (8th Cir. 1988) (a petitioner must provide the court "with the type of specific facts which would allow … an intelligent assessment of the likelihood that [a petitioner] would not have ple[ ]d guilty."). Here, Goodell does not even allege that he would have rejected the plea agreement if he had been advised about the § 5K2.23 issue, let alone point to any objective evidence to support a claim that had counsel informed he would not receive the 221-day credit, he would have rejected the plea agreement and proceeded to trial. *See Caldwell v. United States*, No. 4:15-CR-00043, 2019 WL 11664880, at *8 (W.D. Mo. June 24, 2019) ("Movant has provided no argument other than conclusory allegations to overcome the 'formidable barrier' of his representations during plea taking to show his guilty plea was not made knowingly or voluntarily."). As such, Goodell fails to establish prejudice under *Strickland*.

Because Goodell fails to establish either deficient performance or prejudice, his motion must be denied.

## V. CERTIFICATE OF APPEALABILITY

In a § 2255 proceeding before a district judge, the final order is subject to review on appeal by the court of appeals for the circuit in which the proceeding is held. 28 U.S.C. § 2253(a). However, unless a circuit judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. § 2253(c)(1)(A). A district court

8

possesses the authority to issue certificates of appealability under § 2253(c) and Federal Rule of Appellate Procedure 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under § 2253(c)(2), a certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *Tiedeman*, 122 F.3d at 523. To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *See Miller-El*, 537 U.S. at 335–36 (reiterating standard).

Courts reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: [t]he [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). When a motion is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [movant must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, I find that Goodell failed to make the requisite "substantial showing" with respect to any of the claims raised in his § 2255 motion. *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b). Accordingly, a certificate of appealability will not issue. If he desires further review of his § 2255 motion, Goodell may request issuance of the certificate of appealability by a judge of the Eighth Circuit Court of Appeals in accordance with *Tiedeman*, 122 F.3d at 520–22.

## VI. CONCLUSION

For the reasons set forth herein,

1. Goodell's request for an evidentiary hearing is **denied**.
2. Goodell's motion (Doc. 1) pursuant to 28 U.S.C. § 2255 is **denied** as to all claims and this action is **dismissed with prejudice**.
3. The Clerk of Court shall **close this case**.
4. A certificate of appealability will **not issue**.

**IT IS SO ORDERED** this 31st day of March, 2025.

_____
Leonard T. Strand
United States District Judge